UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MATTHEW MORALES, | ) |
| Plaintiff, | ) Case No. 3:25-CV-325-TRM-JEM |
| | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Jill E. McCook |
| SHERIFF JEFF CASSIDY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

Plaintiff, a Sullivan County Detention Center inmate, filed a *pro se* complaint for violation of 42 U.S.C. § 1983 asserting that the lights in his cell and the dayroom adjacent to his cell are only reduced for four hours at night (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 4). The Court will address Plaintiff's motion (*Id.*) before screening his complaint (Doc. 1).

**I.  MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As Plaintiff cannot pay the filing fee in one lump sum, his motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of his inmate account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate account; or (b) twenty percent (20%) of the average monthly balance in his inmate account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate account is directed to submit twenty percent (20%)

of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until this filing fee has been paid. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at Plaintiff's facility to ensure payment. This memorandum and order shall be placed in Plaintiff's file and follow him if he is transferred.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe *pro se* pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Allegations**

In his complaint, Plaintiff first indicates that although the Sullivan County Jail has a grievance process, he did not file a grievance regarding the claim in his complaint because that process "is only set-up to allow grievances against individual shifts" (Doc. 1, at 2). As to the substantive claim in his complaint, Plaintiff states that the lights in his cell and in the dayroom adjacent to his cell are only reduced from 12 a.m. to 4 a.m., and that he therefore uses his sheet as a "makeshift sleeping mask" (Doc. 1, at 4). Plaintiff has sued Sullivan County Sheriff Jeff Cassidy and requests injunctive relief that forces the jail to turn off the lights for four hours at night (*Id.* at 1, 3, 5).

**C.     Analysis**

First, Plaintiff's complaint is subject to dismissal because it is apparent from the face of the complaint that Plaintiff did not exhaust his available administrative remedies prior to filing this action. Additionally, even if the Court could excuse Plaintiff's failure to file a grievance regarding the claim in his complaint, the complaint would still be subject to dismissal, as it fails to state a plausible claim for relief under § 1983 against Defendant Sheriff Cassidy in his individual or official capacity. The Court presumes that Plaintiff is a pretrial detainee for purposes of screening his complaint. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021).

**1.     Failure to Exhaust**

First, it is apparent from the face of his complaint that Plaintiff did not exhaust his administrative remedies prior to filing this action. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

3

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means the prisoner plaintiff must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88. To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).

While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints," a complaint that sets forth allegations which, taken as true, establish that the plaintiff has failed to exhaust his available administrative remedies is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty.,* No. 16-5658, 2017 WL 3402075, at *1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citing *Bock*, 549 U.S. at 215 and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (providing that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust")).

It is apparent from the face of Plaintiff's complaint that the Sullivan County Detention Center has a grievance process that Plaintiff did not attempt to use prior to filing this action (Doc. 1, at 2). And while Plaintiff states he did not use the grievance process because "it is only set-up to allow grievances against individual shifts," (*Id.*), the PLRA still required Plaintiff to

4

attempt to use the exhaustion process. *See Napier v. Laurel Cnty.*, 636 F.3d 218, 223–24 (6th Cir. 2011) (holding that "exhaustion is required even if the prisoner subjectively believes the remedy is not available . . . ; even when the state cannot grant the particular relief requested . . . ; and even where [the prisoners] believe the procedure to be ineffectual or futile . . . .") (citations omitted). He did not. Thus, this action is subject to dismissal due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this action. *Barnett*, 2017 WL 3402075, at *1–2; *see also Mattox v. Edelman*, 851 F.3d 583, 592–93 (6th Cir. 2017) (noting that "the PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced").

### 2. Individual Capacity

To the extent that Plaintiff seeks to hold Defendant Sheriff Cassidy liable for his lights claim in his individual capacity, Plaintiff's complaint does not set forth any facts suggesting that Defendant Sheriff Cassidy was personally involved in the decision to only reduce the lights in Plaintiff's cell and/or the dayroom for four hours at night. Thus, the complaint fails to state a plausible claim for violation of § 1983 as to Defendant Sheriff Cassidy in his individual capacity. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*");

### 3. Official Capacity

Additionally, to the extent Plaintiff seeks to hold Defendant Sheriff Cassidy liable under § 1983 for the lights claim in his official capacity, this is the equivalent of suing Sullivan County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). As a municipality, Sullivan

5

County may only be liable under § 1983 if its official custom or policy caused a violation of Plaintiff's constitutional rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978). "There can be no liability under *Monell* without an underlying constitutional violation." *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)).

Plaintiff provides no facts from which the Court can plausibly infer that the decision to leave lights reduced in Plaintiff's cell and dayroom for four hours at night was due to a custom or policy of Sullivan County, not the officers in Plaintiff's unit. But even if Plaintiff did adequately allege that a custom or policy of Sullivan County caused the lights in his cell and dayroom to remain on in a reduced capacity for four hours at night, he has set forth no facts from which the Court can plausibly infer that Sullivan County "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known'" through this custom or policy. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citation omitted). Specifically, Plaintiff has not set forth any facts indicating that the reduction of lights in his cell and the dayroom from 12 a.m. to 4 a.m. creates an unjustifiably high risk of harm to him, much less any risk of harm that was known or obvious to municipal decisionmakers, especially as Plaintiff states that he is able to use a blanket to cover his eyes for sleep.

Accordingly, Plaintiff's complaint fails to state a plausible claim for relief under § 1983.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

6

Case 3:25-cv-00325-TRM-JEM    Document 7    Filed 09/04/25    Page 6 of 7    PageID #: 26

3. The custodian of Plaintiff's inmate account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**